# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALICE ACHEE-SHARP, | |
| Plaintiff, | Case No. 2:19-cv-02100-KHV-TJJ |
| v. | |
| LENEXA REAL ESTATE PORTFOLIO PARTNERS, LLC, et al., | |
| Defendants/Cross-claimant, | |
| v. | |
| SNOWMEN 365, LLC, | |
| Defendant/Cross-claim Defendant. | |

## ANSWER OF LENEXA REAL ESTATE PORTFOLIO PARTNERS, LLC TO FIRST AMENDED COMPLAINT

Defendant Lenexa Real Estate Portfolio Partners, LLC, ("Lenexa Real Estate") by undersigned counsel, provides this Answer to the First Amended Complaint. Unless otherwise expressly admitted herein, all allegations of the First Amended Complaint are denied.

1. In response to ¶ 1, Defendant Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

2. In response to ¶ 2, Defendant Lenexa Real Estate admits the allegations.

3. In response to ¶ 3, Defendant Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

4. In response to ¶ 4, Defendant Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

5. In response to ¶ 5, Defendant Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

6. In response to ¶ 6, Defendant Lenexa Real Estate admits the allegations.

7. In response to ¶ 7, Defendant Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

8. In response to ¶ 8, Defendant Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

9. In response to ¶ 9, Defendant Lenexa Real Estate admits the allegations.

10. In response to ¶ 10, including all subparts, Defendant Lenexa Real Estate denies the allegations.

11. In response to ¶ 11, Defendant Lenexa Real Estate denies the allegations.

12. In response to ¶ 12, Defendant Lenexa Real Estate denies the allegations.

13. In response to ¶ 13, Defendant Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

14. In response to ¶ 14, Defendant Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

15. In response to ¶ 15, Defendant Lenexa Real Estate denies the allegations.

16. In response to ¶ 16, Defendant Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

17. In response to ¶ 17, Defendant Lenexa Real Estate denies the allegations.

Wherefore, Defendant Lenexa Real Estate Portfolio Partners, LLC prays that the Court enter judgment in its favor and against Plaintiff, for its costs incurred in the action, and for such

other relief to which Defendant Lenexa Real Estate Portfolio Partners, LLC shows itself entitled and which the Court deems reasonable, appropriate, and just.

## Affirmative Defenses

18. Defendant Lenexa Real Estate reserves the right to amend its answer to add additional affirmative defenses that may arise during the course of this litigation.

19. Plaintiff's injuries and damages, if any, were solely caused by Plaintiff's own negligence, intentional conduct, or express or implied assumption of risk which reduces or bars Plaintiff's recovery.

20. Defendant Lenexa Real Estate affirmatively states that if the Plaintiff sustained any damages, then the same were directly and proximately caused, in whole or in part, by negligence of and/or conduct of the Plaintiff so as to diminish and/or deny entirely any recovery by the Plaintiff against this Defendant, and Defendant Lenexa Real Estate requests an allocation of same under a theory of comparative fault.

21. The negligence of Plaintiff must be compared, considered and judged as the substantial and proximate cause of her injuries sustained, if any, and her recovery, if any, should be reduced in proportion to such fault.

22. Plaintiff failed to keep a proper lookout and otherwise failed to exercise reasonable caution and these failures were the proximate cause of her injuries, if any.

23. Plaintiff's claims are barred in whole or in part because the Plaintiff has failed to mitigate her damages.

24. Defendant Lenexa Real Estate affirmatively state that if Plaintiff sustained any damages, then the same were directly and proximately caused, in whole or in part, by the negligence of and/or conduct of Defendant Snowmen 365, LLC so as to diminish and/or deny entirely any recovery by Plaintiff against this Defendant, and Defendant Lenexa Real Estate requests an allocation of the same under a theory of comparative fault.

## Cross-claim Against Snowmen 365

Defendant/Cross-Claimant Lenexa Real Estate Portfolio Partners, LLC ("Lenexa Real Estate"), by and through undersigned counsel, and for its claims against Defendant/Cross-claim Defendant Snowmen 365, LLC ("Snowmen") states and alleges as follows:

### I.   Parties, Jurisdiction, and Venue

25. Plaintiff Alice Achee-Sharp is an individual resident and citizen of the State of Missouri.

26. Defendant/Cross-Claimant Lenexa Real Estate is a foreign limited liability company; each member of the company are residents and citizens of the State of Texas.

27. Defendant/Cross-claim Defendant Snowmen is a Missouri limited liability company. Upon information and belief all members of the company are residents and citizens of the State of Missouri.

28. In her Amended Complaint, Plaintiff alleges that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

29. Lenexa Real Estate brings its cross-claims against Snowmen pursuant to Federal Rule of Civil Procedure 13(g) as they arise out of the same transaction and occurrence that is the subject matter of the original action.

30. Venue is proper in the United States District Court for the District of Kansas as the events giving rise to this action occurred at 16105 W. 113th Street, Lenexa, Kansas ("the Property").

## II.   Facts Common to All Counts

31. On or about February 21, 2018, Plaintiff Alice Achee-Sharp allegedly slipped and fell on ice in the parking lot of the Property.

32. On or about February 21, 2019, Plaintiff Alice Achee-Sharp filed her Complaint herein against Lenexa Real Estate for its alleged negligence with respect to the removal of ice in the parking lot of the Property.

33. On or about January 10, 2018, Lenexa Real Estate and Snowmen entered into a building services contract ("the contract") for the performance of snow and ice removal services at the Property.

6

34. The contract was for the term of one year with an effective date of January 1, 2018, with a thirty (30) day advance written notice of cancellation provision.

35. The contract was in full force and effect during the relevant time, up to and including February 21, 2018.

36. The terms of the contract provide that it shall be governed and construed according to the laws of the State of Kansas, where the Property is located.

### III.   Indemnification

37. As part of the terms of the contract, Snowmen agreed to defend, indemnify, and hold harmless Lenexa Real Estate against all claims arising out of Snowmen's performance of snow and ice removal services at the Property.

38. In her Amended Complaint, Plaintiff alleges Lenexa Real Estate was negligent in its maintenance of the Property with respect to its alleged failure to remediate or remove the accumulation of ice in the parking lot, which resulted in her alleged fall and resulting damages.

39. Plaintiff's claims arise from Snowmen's performance of snow and ice removal services at the Property and, accordingly, are subject to the "Hold Harmless" clause of the contract.

Wherefore, in the event that a judgment is entered in favor of Plaintiff Alice Achee-Sharp against Defendant/Cross-claimant Lenexa Real Estate Portfolio Partners, LLC, Defendant/Cross-claimant Lenexa Real Estate Portfolio Partners, LLC, prays that Defendant/Cross-claimant Lenexa Real Estate Portfolio Partners, LLC, may have judgment over and against Defendant/Cross-claim Defendant Snowmen 365, LLC for the same amount, or such other amount as the Court shall adjudge on the basis of the relative responsibility, if any, of the Defendants and for the injuries, if any, of Plaintiff, together with costs and attorneys' fees; and for such other relief that Lenexa Real Estate Portfolio Partners, LLC, may show itself entitled and which the Court deems reasonable, appropriate, and just.

## IV.  Breach of Contract

40.   On or about May 16, 2019, Lenexa Real Estate sent a certified letter to Snowmen informing Snowmen of the Plaintiff's lawsuit and requesting Snowmen to accept tender of the defense of this matter as per the terms of the contract.

41.   Snowmen has refused to defend Lenexa Real Estate in this case and in so doing has breached the terms of the contract.

42.   As a result of Snowmen's breach of the contract, Lenexa Real Estate has been damaged, including the attorneys' fees and costs it has incurred to enforce its rights under the contract.

WHEREFORE, Defendant/Cross-claimant Lenexa Real Estate Portfolio Partners, LLC, prays that the Court enter judgment in its favor and against Defendant/Cross-claim Defendant Snowmen 365, LLC, for its attorneys' fees and costs incurred in the action, and for such other relief to which Defendant/Cross-claimant Lenexa Real Estate Portfolio Partners, LLC, may show itself entitled and which the Court deems reasonable, appropriate, and just.

### Jury Trial Demand

Defendant Lenexa Real Estate Portfolio Partners, LLC demands a trial by jury.

Respectfully submitted,

**Case Linden P.C.**

/s/ Jacqueline M. Duvall
Cory R. Buck, KS 25969
Jacqueline M. Duvall, USDC Kan 78799
2600 Grand Boulevard, Suite 300
Kansas City, MO 64108
Tel: (816) 979-1500
Fax: (816) 979-1501
cory.buck@caselinden.com
jacqueline.duvall@caselinden.com
Attorneys for Defendant/Cross-claimant Lenexa
Real Estate Portfolio Partners, LLC

## Certificate of Original Signature and Service

I certify that on August 6, 2019, a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notice of electronic filing to the following:

Melinda G. Young
Bretz & Young, L.L.C.
3 Compound Drive
P.O. Box 1782
Hutchinson, KS  67504-1782
melinda@byinjurylaw.com
Attorney for Plaintiff

/s/ Jacqueline M. Duvall
Jacqueline M. Duvall