**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ALICE ACHEE-SHARP,<br>    Plaintiff,<br><br>v.<br><br>LENEXA REAL ESTATE PORTFOLIO<br>PARTNERS, LLC, and SNOWMEN 365, LLC,<br>    Defendants.<br>_____<br>LENEXA REAL ESTATE PORTFOLIO<br>PARTNERS, LLC,<br>    Cross-Claimant,<br>v.<br><br>SNOWMEN 365, LLC,<br>    Cross-Defendant.<br>_____<br>SNOWMEN 365, LLC,<br>    Third-Party Plaintiff,<br><br>v.<br><br>WAG-CO CONSTRUCTION, LLC<br>Serve:  Kansas Secretary of State<br>         Memorial Hall, 1st Floor<br>         120 SW 10th Ave.<br>         Topeka KS, 66612-1594<br><br>and<br><br>TERRY VICK<br>d/b/a Vick's Automotive Refinishing and Repair<br>Serve:  Terry Vick<br>         29240 W. 119th Street<br>         Olathe, KS 66061<br>    Third-Party Defendants. | Case No.:19-CV-02100-KHV-TJJ |

**THIRD-PARTY COMPLAINT**

Pursuant to Fed. R. Civ. P. 14(a), Defendant/Cross-Defendant/Third-Party Plaintiff Snowmen 365, LLC, ("**Snowmen 365**") for its Third-Party Petition against Wag-Co Construction,

LLC, ("**Wag-Co**") and Terry Vick d/b/a Vick's Automotive Refinishing and Repair ("**Vick**") states and alleges as follows:

## PARTIES

1. Snowmen 365 is a limited liability company organized and existing under the laws of the State of Missouri, doing business in the State of Kansas, with a principal place of business located at 11940 Cartwright Ave, Grandview, MO 64030.

2. Third-Party Defendant Wag-Co is a limited liability company organized and existing under the laws of the State of Missouri, with a principal place of business at 35210 E. Stringtown Road, Lone Jack, MO 64070, and at all times relevant herein was doing business in the state of Kansas.

3. Wag-Co is a foreign entity transacting business in the State of Kansas that has failed to appoint or maintain a resident agent. Therefore, pursuant to K.S.A. 60-304(f), Wag-Co can be served with process through the Office of the Kansas Secretary of State at the following address: Memorial Hall, 1st Floor, 120 SW 10th Ave., Topeka KS, 66612-1594.

4. Third-Party Defendant Vick does business under Vick's Automotive Finish and Repair and is an individual, resident, and citizen of the State of Kansas. Vick can be served with process at: 29240 W. 119th St., Olathe, Kansas 66061.

## JURISDICTION AND VENUE

5. In the initial Complaint, Plaintiff alleged complete diversity of citizenship and that the matter in controversy exceeded, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332.

6. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper in this Court as Snowmen 365's Third-Party claims arise from the same case or controversy as the Plaintiff's claims against

Defendants Snowmen 365, LLC. and Lenexa Real Estate Portfolio Partners, LLC. ("**Portfolio Partners**"). This Court has supplemental jurisdiction over Snowmen 365's claims asserted herein against Wag-Co and Vick.

7. Venue is proper in this Court because Plaintiff's alleged injury occurred in Johnson County, Kansas, which is located within the geographic region embraced by the United States District Court for the District of Kansas in Kansas City.

## FACTS

8. On or about February 21, 2018, Plaintiff allegedly slipped and fell on ice in the parking lot of property located at 16105 W. 113th St., Lenexa, Kansas ("**the Property**").

9. On or about July 15, 2019, Plaintiff filed her First Amended Complaint against Portfolio Partners and Snowmen 365 for their alleged negligence with respect to the removal of ice in the parking lot of the Property. (Doc. 53).

10. On or about January 10, 2018, Portfolio Partners and Snowmen 365 entered into a building services contract for the performance of snow plowing and salting of the parking lots and driving areas of the Property. *See Building Services Contract* attached as **Ex. A**.

11. In turn, Snowmen 365 entered into an Independent Contractors Agreement with Wag-Co on November 9, 2017, for the term of one year, for the performance of snow plowing and salting of the parking lots and driving areas of the Property. *See Independent Contractors Agreement* attached as **Ex. B**.

12. Also in turn, Snowmen 365 entered into an Independent Contractors Agreement with Vick on October 17, 2017, for the term of one year, for the performance of snow plowing and salting of the parking lots and driving areas of the Property. *See Independent Contractors Agreement* attached as **Ex. C**.

13. The Independent Contractors Agreements with Wag-Co and Vick were in full force and effect during the relevant time, including through February 21, 2018, the date of Plaintiff's alleged fall.

14. On February 20, 2018 and February 21, 2018, both Wag-Co and Vick performed snow plowing and salting of the parking lot and driving areas of the Property.

**CONTRACTUAL INDEMNIFICATION/CONTRIBUTION**

15. In her First Amended Complaint, Plaintiff alleges Snowmen 365 was negligent in its maintenance of the Property with respect to its alleged failure to remediate or remove the accumulation of ice in the parking lot, which resulted in her alleged fall and resulting damages. (Doc. 53 ¶¶'s 9-10).

16. In its Cross-Claim against Snowmen 365, Portfolio Partners prays that if judgment is entered in favor of Plaintiff against Portfolio Partners, that Portfolio Partners should be awarded a judgment for the same amount against Snowmen 365, based on purported indemnity and hold harmless language in the parties contract. (Doc. 58 p.8).

17. Snowmen 365 denies the allegations set forth in Plaintiff's First Amended Complaint, and Portfolio Partners' Cross-Claim, and further denies that Snowmen 365 is in any way responsible or liable for any injuries or damages Plaintiff alleges nor is its contractual terms triggered as alleged by Portfolio Partners.

18. As part of the terms of Snowmen 365's Independent Contractors Agreements with Wag-Co and Vick, Wag-Co and Vick agreed to indemnify, hold harmless, and reimburse Snowmen 365 for the reasonable attorney fees due to injury or damage caused by or resulting from contractor's performance of their duties under the Independent Contractors Agreements. This

performance includes all claims of Plaintiff arising out of Wag-Co and Vick's respective snow plowing and salting of the parking lot and driving areas of the Property.

19.     Plaintiff's and Portfolio Partners' claims allegedly arise from Snowmen 365's performance of snow plowing and salting services on the Property, and accordingly, Wag-Co and Vick are subject to the terms and provisions of their contracts, which includes the indemnity provisions of their contracts.

20.     Wag-Co and Vick share liability to the extent their actions or inactions resulted in comparative fault that caused harm to Plaintiff and their breaches of their duties (under contract and common law) caused harm to Snowmen 365, therefore their actions require the indemnification of Snowmen 365.

21.     Accordingly, in the event that Plaintiff or Portfolio Partners are awarded a judgment against Snowmen 365, Snowmen 365 should have judgment over Wag-Co and Vick.

## NEGLIGENCE

22.     Snowmen 365 incorporates by reference the previous paragraphs as if fully set forth in this Count.

23.     Third-Party Defendants Wag-Co and Vick, each as a snow and ice removal contractor, had a duty to Snowmen 365 to perform their work using a degree of skill and care that would be used by a reasonably competent contractor in providing similar services and acting in similar circumstances.

24.     Based on Plaintiff First Amended Compliant, Third-Party Defendants Wag-Co and Vick each breached its duty when they failed to use a degree of skill and care that would be used by a reasonably competent contractor in snow plowing and salting of the parking lot and driving areas of the Property.

25. As a direct and proximate cause of Third-Party Defendants Wag-Co and Vick's breach of their duties, Snowmen 365 has been damaged, as on or about July 15, 2019, Plaintiff brought a lawsuit against Snowmen 365 seeking recovery of alleged damages for Snowmen 365's negligent failure to clear the parking lot of the Property from ice and snow.

26. Snowmen 365 denies the allegations set forth in Plaintiff's First Amended Complaint, and Portfolio Partners' Cross-Claim, and further denies that Snowmen 365 is in any way responsible or liable for any injuries or damages Plaintiff alleges nor is its contractual terms triggered as alleged by Portfolio Partners.

27. To the extent that any damages alleged by Plaintiff or Portfolio Partners are the result of any of the Third-Party Defendants, Wag-Co or Vick's failure to use reasonable skill and care to clear snow and ice from the parking lot of the Property, and in accordance with their Independent Contractors Agreements with Snowmen 365, then those damages, if any, were caused by Wag-Co and/or Vick and Wag-Co and/or Vick should bare proportionate responsibility for the damages caused by their respective negligent act or omission.

## BREACH OF CONTRACT

28. Snowmen 365 incorporates by reference the previous paragraphs as if fully set forth in this Count.

29. In connection with Snowmen 365's Building Services Contract with Portfolio Partners, Snowmen 365 entered into written Independent Subcontractors Agreements with Wag-Co and Vick to produce bare pavement, no slip conditions through snow plowing and salting of the parking lot and driving areas on the Property.

30. Snowmen 365 performed all of its obligations pursuant to the terms of its Independent Subcontractors Agreements with Wag-Co and Vick.

31. Based on Plaintiff's First Amended Compliant, Wag-Co and Vick failed to produce bare pavement, no slip conditions in substantial compliance with the requirements of their respective Independent Subcontractors Agreements, with Snowmen 365 on the Property.

32. Snowmen 365 has been damaged by breaches of its Independent Subcontractors Agreements with Wag-Co and Vick, as on or about July 15, 2019, Plaintiff brought a lawsuit against Snowmen 365 seeking recovery of alleged damages for Snowmen's negligent failure to clear the parking lot of the Property from ice and snow.

33. Snowmen 365 denies the allegations set forth in the Plaintiffs' First Amended Complaint, and further denies that Snowmen 365 is in any way responsible or liable for any said defects or deficiencies in snow and ice removal from the Property on or around the date of Plaintiff's alleged fall.

34. To the extent that any damages alleged by Plaintiff are the result of any of Wag-Co and/or Vick's, failures to produce bare pavement, no slip conditions through snow plowing and salting of the parking lot and driving areas on the Property, Wag-Co and Vick should bare responsibility for the damages caused by their respective contract breaches.

**WHEREFORE** Snowmen 365 prays that in the event any judgment is rendered against it in this action, the Court enter a judgment in favor or Snowmen 365 against Third-Party Defendants Wag-Co and Vick for the same amount, or such other amount as the Court shall deem proper on the basis of Wag-Co and Vick's respective fault, if any, and including damages incurred by Snowmen for attorneys' fees, costs, expenses incurred and for such other and further relief that the Court deems just proper and equitable.

Respectfully submitted,

*s/ Meagan L. Blackwell-Patterson*

| | |
|---|---|
| Meagan L. Blackwell-Patterson | KS Bar #22741 |
| Matthew A. Tate | KS Bar #26625 |

Waldeck & Patterson, P.A.
5000 West 95th Street, Suite 350
Prairie Village, Kansas 66207
Ph: 913.749.0300  | Fax: 913.749.0301
E-Mail:  meaganp@waldeckpatterson.com
E-Mail:  matthewt@waldeckpatterson.com
**ATTORNEYS FOR DEFENDANT/CROSS-DEFENDANT/THIRD-PARTY PLAINTIFF SNOWMEN 365, LLC.**

## CERTIFICATE OF SERVICE

I certify that on October 25, 2019, a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notice of electronic filing to the following:

Melinda G. Young, KS Bar #24309
Bretz & Young, L.L.C.
3 Compound Drive
P.O. Box 1782
Hutchinson, KS 67504-1782
Ph: 620-662-3435 | Fax: 620-662-3445
E-Mail: melinda@byinjurylaw.com
**ATTORNEY FOR PLAINTIFF**


Jacqueline M. Duvall, USDC Kan 78799
Cory R. Buck KS Bar #25969
Case Linden P.C.
2600 Grand Boulevard, Suite 300
Kansas City, MO 64108
Ph: 816-979-1500 | Fax: 816-979-1501
E-Mail: jacqueline.duvall@caselinden.com
E-Mail: cory.buck@caselinden.com
**ATTORNEY FOR DEFENDANT/CROSS-CLAIMANT LENEXA REAL ESTATE PORTFOLIO PARTNERS, LLC.**

   */s/ Meagan Blackwell-Patterson*