# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALICE ACHEE-SHARP, | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) No. 19-2100-KHV |
| LENEXA REAL ESTATE PORTFOLIO PARTNERS, LLC, and SNOWMEN 365, LLC, | ) |
| Defendants. | ) |
| LENEXA REAL ESTATE PORTFOLIO PARTNERS, LLC, | ) |
| Cross-Claimant, | ) |
| v. | ) |
| SNOWMEN 365, LLC, | ) |
| Cross-Defendant. | ) |
| SNOWMEN 365, LLC, | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| WAG-CO CONSTRUCTION, LLC and TERRY VICK d/b/a Vick's Automotive Refinishing And Repair, | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM AND ORDER

On February 21, 2019, Alice Achee-Sharp filed suit against ten defendants, alleging that she sustained injuries when she fell on ice located in their parking lot. Complaint (Doc. #1). On

June 10, 2019, pursuant to a joint stipulation, the Court dismissed all defendants except Lenexa Real Estate Portfolio Partners LLC. See Stipulation Of Dismissal (Doc. #46) filed June 7, 2019. With the Court's permission, on July 15, 2019, plaintiff filed an Amended Complaint (Doc. #53), which added Snowmen 365 LLC as a defendant and asserted that the Court had subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.[1] Plaintiff's amended complaint did not allege facts regarding the citizenship of all members of Snowmen 365, which is an LLC.

On October 29, 2019, Magistrate Judge Teresa J. James ordered plaintiff to show cause in writing why the Court should not dismiss this case for lack of subject matter jurisdiction. Notice And Order to Show Cause (Doc #79). This matter is before the Court on Plaintiff's Response To Court's Notice And Order To Show Cause (Doc. #82) filed November 15, 2019. For reasons stated below, although plaintiff failed to establish subject matter jurisdiction, the Court finds that Snowmen 365 is a dispensable party and that the jurisdictional defect may be cured by dismissing it as a defendant.

**Legal Standards**

Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss the action "at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Because federal courts have limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Therefore, plaintiff bears the burden of showing that jurisdiction is proper and must demonstrate that the Court should not dismiss the case. Id.

---

[1] On October 25, 2019, Snowmen 365 impleaded Wag-Co Construction LLC, and Terry Vick as third-party defendants. See Third-Party Complaint (Doc. #77).

Conclusory allegations of jurisdiction are not enough. Jensen v. Johnson Cty. Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

**Analysis**

Plaintiff asserts that the Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Section 1332 requires complete diversity between all plaintiffs and all defendants. See Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). For diversity purposes, a person is a citizen of the state in which she is domiciled, while the citizenship of a business depends on its organizational structure. Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006). If the business is a limited liability company, it takes the citizenship of each of its members. See Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1234 (10th Cir. 2015).

Here, the parties are not completely diverse. Although plaintiff and Lenexa are diverse,[2] plaintiff and Snowmen 365 are not. Like plaintiff, Snowmen 365 is a citizen of Missouri – the domicile of both of its members. Plaintiff concedes that complete diversity does not exist, but asserts that the Court should nonetheless exercise subject matter jurisdiction pursuant to its "discretionary jurisdictional power." Plaintiff's Response To Court's Notice And Order To Show Cause (Doc. #82) at 2. In support, plaintiff relies exclusively on Morgan v. Serro Travel Trailer Co., a case which represented the minority view in 1975 that the Court does not need independent subject matter jurisdiction over plaintiff's claims against a third-party defendant. 69 F.R.D. 697, 698 (D. Kan. 1975) (explaining that "large majority" of cases held the opposite); see Wright & Miller, 6 Fed. Prac. & Proc. (Civ.) § 1444.1 (3d ed.). According to plaintiff, Morgan means that

---

[2]   Lenexa is a citizen of Texas, the domicile of each of its members.

the Court "has the discretion to consider each case to determine whether under the circumstances, [it] should exercise its jurisdictional power and hear the whole case at one time." Morgan, 69 F.R.D. at 698.

Plaintiff's exclusive reliance on Morgan exhibits a fundamental misunderstanding of both current law and the jurisdictional question at issue in this case. Even if plaintiff had accurately described the law governing a plaintiff's claims against third-party defendants, which she did not,[3] it is irrelevant to the present case – plaintiff is not asserting claims against a third-party defendant.[4] Plaintiff brought Snowmen 365 into this case as a defendant by suing it directly in her amended complaint.[5] Lenexa later filed a cross-claim against Snowmen, alleging that Snowmen agreed to indemnify it on these claims. See Answer Of Lenexa Real Estate Portfolio Partners, LLC To First Amended Complaint (Doc. #58) filed August 6, 2019 at 7. In short, Snowmen is not a third-party defendant. Accordingly, the issue is not whether the Court has subject matter jurisdiction over claims against a third-party defendant, but whether the Court has subject matter jurisdiction over plaintiff's claims against the two defendants.

When plaintiff sues multiple defendants and one of the defendants destroys complete diversity, the Court looks to Fed. R. Civ. P. 21. Under Rule 21, the Court "can dismiss a

---

[3] In 1978, the Supreme Court rejected Morgan's minority view, explaining that in an action based on diversity, an independent jurisdictional base must support plaintiff's claims against third-party defendants. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978); see also Wright & Miller, 6 Fed. Prac. & Proc. (Civ.) § 1444.1 (3d ed.).

[4] The Court repeatedly made clear that the sole issue in Morgan was "whether independent jurisdictional grounds are required when a plaintiff asserts a claim against a third-party defendant." Id. at 699. In other words, Morgan was the "standard case of where A sues B, B brings in C as a third-party defendant, and then A attempts to assert a claim against C." Id. Those are not the circumstances here.

[5] Judge James granted plaintiff leave to amend her complaint, and found moot Lenexa's motion to join Snowmen 365 as a third-party defendant. See Minute Entry (Doc. #52) filed July 15, 2019.

dispensable nondiverse party . . . to cure a jurisdictional defect at any point in the litigation." Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs., 651 F.3d 1219, 1223 (10th Cir. 2011); see Jett v. Phillips & Assocs., 439 F.2d 987, 989-90 (10th Cir. 1971) (Court may drop parties "in order to achieve the requisite diversity of citizenship if their presence is not essential to a just and meaningful adjudication"). To determine whether the nondiverse party is dispensable, the Court assesses the factors that Rule 19(b) specifies. CU Capital Mkt. Sols., LLC v. Olden Lane Sec., LLC, No. 18-2597-DDC, 2019 WL 2612940, at *9 (D. Kan. June 26, 2019). These factors require the Court to consider (1) the extent to which a judgment rendered in the party's absence might be prejudicial to the party or other parties, (2) the extent to which protective provisions in the judgment, the shaping of relief, or other measures can lessen or avoid the prejudice, (3) whether a judgment rendered in the person's absence will be adequate and (4) whether plaintiff will have an adequate remedy if the Court dismisses for nonjoinder. Id. (citing Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365, 1372-73 (10th Cir. 1998). Whether a party is dispensable considering these factors is a matter left to the Court's discretion. Id.

Snowmen 365 is a dispensable party. Plaintiff apparently concedes this point. In response to Judge James's order to show cause, plaintiff bluntly asserts that "Snowmen 365, LLC was brought into the case because it might be liable to the third-party plaintiff, not because [it] might be liable to plaintiff." Plaintiff's Response (Doc. #82) at 4-5. In other words, Snowmen 365 could be liable to Lenexa, but not to plaintiff. By plaintiff's own logic, dismissing Snowmen 365 would not prejudice her ability to recover – Snowmen 365 would not be liable to her regardless whether it remains as a defendant. Because Snowmen 365 is a dispensable nondiverse party, the Court dismisses it to perfect complete diversity.[6] As a result, the Court has subject matter jurisdiction.

---

[6] The Court does not opine whether it would have subject matter jurisdiction if

**IT IS THEREFORE ORDERED** that Snowmen 365 is **DISMISSED**. Having perfected complete diversity, the Court has subject matter jurisdiction in this case.

**IT IS SO ORDERED.**

Dated this 21st day of November, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge

---

Lenexa had impleaded Snowmen 365 as a third-party defendant.