**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ALICE ACHEE-SHARP, )
)
Plaintiff, )
)
v. ) Case No. 19-cv-2100-KHV-TJJ
)
LENEXA REAL ESTATE PORTFOLIO )
PARTNERS, LLC, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

Before the court is the Motion of Defendant Lenexa Real Estate Portfolio Partners, LLC to Join Third-Party Defendant Snowmen 365, LLC (ECF No. 87). No party has responded to the motion, and the time to do so has passed.[1] Because no party has filed a response, the court could "consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."[2] However, because of the procedural history of this case, and because the court has an independent obligation to verify subject matter jurisdiction, the court considers the merits of Defendant's motion. Upon such consideration, the court grants the motion.

### I. Procedural history

The relevant procedural history is set forth in Judge Vratil's Memorandum and Order dismissing Snowmen 365, LLC ("Snowmen") for lack of subject matter jurisdiction (ECF No. 83). Although the court will not recite the entire procedural history of this case here, it is helpful

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to non-dispositive motions (motions other than motions to dismiss, motions for summary judgment, motions to remand, or motions for judgment on the pleadings) must be filed and served within 14 days.").

[2] D. Kan. Rule 7.4(b).

to restate some of the relevant facts and findings. On June 28, 2019, Plaintiff filed a motion for leave to amend her complaint to add Snowmen as a defendant (ECF No. 49), and Defendant filed a motion to join Snowmen as a third-party defendant (ECF No. 47). On July 15, 2019, this court held a status conference with the parties to discuss the two motions and how best to proceed. The parties agreed Plaintiff could amend her complaint to add Snowmen as a defendant, which would make Defendant's motion to join Snowmen as a third-party defendant moot (ECF No. 42).

However, like Plaintiff, Snowmen is a citizen of Missouri.[3] Because Plaintiff filed this case under diversity jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity between all plaintiffs and defendants. Once Snowmen's citizenship was brought to the court's attention during a status conference on October 25, 2019,[4] the court ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction (ECF No. 79). After receiving responses from Plaintiff (ECF No. 82) and Snowmen (ECF No. 81), Judge Vratil dismissed Snowmen from the action, finding Snowmen to be a dispensable nondiverse party (ECF No. 83).

On December 5, 2019, Defendant filed the pending motion seeking to join Snowmen as a third-party defendant. Defendant argues Fed. R. Civ. P. 14(a) allows it to implead Snowmen because Snowmen is obligated to defend and indemnify Defendant for the claims asserted against it by Plaintiff. Further, the claims that give rise to Snowmen's liability to Defendant arise out of the same operative facts as Plaintiff's claims. Finally, Defendant argues the court has ancillary jurisdiction of a defendant's Fed. R. Civ. P. 14(a) claim regardless of whether there is an independent jurisdictional basis, so long as there is a jurisdictional basis for the main claim

---

[3] Defendant is a citizen of Texas. *See* ECF No. 46.

[4] Plaintiff's amended complaint did not specify Snowmen's citizenship but stated there was "complete diversity of citizenship." ECF No. 53 at 1 ¶ 4.

between the original parties.[5] Judge Vratil's order dismissing Snowmen noted that the court "does not opine whether it would have subject matter jurisdiction if (Defendant) had impleaded Snowmen 365 as a third-party defendant."[6]

## II. Analysis

Defendant seeks to implead Snowmen pursuant to Fed. R. Civ. P. 14(a)(1), which states "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The question for the court is whether allowing Defendant to implead Snowmen as a third-party defendant would destroy the court's subject matter (diversity) jurisdiction over this action.

"It is will established that a defendant's claim against a third party defendant is within the ancillary jurisdiction of the federal courts."[7] Thus, in a diversity case, a defendant may properly implead a third-party defendant "without regard to the third party's citizenship."[8]

Previously, Plaintiff, a citizen of Missouri, amended her complaint to add Snowmen, also a citizen of Missouri, as a defendant. In a diversity action, "an independent basis for federal jurisdiction must exist in order for the *plaintiff* to assert a claim against the third party defendant," but an independent basis for federal jurisdiction need not exist "in order for the *third party plaintiff* to assert a claim against the third party defendant."[9] Further, it is well settled that a court has ancillary jurisdiction of a defendant's proper Fed. R. Civ. P. 14(a) claim against a third-

---

[5] ECF No. 88 at 5 (citing *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 (10th Cir. 1990)).

[6] ECF No. 83 at 5 n.6.

[7] *United of Omaha Life Ins. Co. v. Reed*, 649 F. Supp. 837, 840 (D. Kan. 1986) (citing 6 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1444 at 223)).

[8] *Id.*

[9] *Id.* (citing *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365 (1978) (emphasis in the original)).

party defendant without regard to whether there is an independent basis for jurisdiction "so long as the court has jurisdiction of the main claim between the original parties."[10]

Here, the court has jurisdiction over Plaintiff and Defendant. It is also undisputed that Defendant's claim against Snowmen is related to Plaintiff's claim against Defendant. Therefore, the court grants Defendant's motion to file a third-party complaint against Snowmen.

**IT IS THEREFORE ORDERED BY THE COURT** that Motion of Defendant Lenexa Real Estate Portfolio Partners, LLC to Join Third-Party Defendant Snowmen 365, LLC (ECF No. 87) is granted. Defendant shall file the third-party complaint attached to its motion (ECF No. 88-1) by January 13, 2020.

**IT IS SO ORDERED.**

Dated January 10, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[10] *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 (10th Cir. 1990) (internal citations omitted)).