## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ALICE ACHEE-SHARP,      )
     Plaintiff,         )
                )
v.                )
                ) Case No.:19-CV-02100-KHV-TJJ
LENEXA REAL ESTATE PORTFOLIO   )
PARTNERS, LLC,        )
     Defendant.       )
_____)
LENEXA REAL ESTATE PORTFOLIO   )
PARTNERS, LLC,        )
     Third-Party Plaintiff,  )
v.                )
                )
SNOWMEN 365, LLC,      )
     Third-Party Defendant. )
_____)
SNOWMEN 365, LLC,      )
     Fourth-Party Plaintiff, )
                )
v.                )
                )
WAG-CO CONSTRUCTION, LLC    )
Serve:  Kansas Secretary of State  )
       Memorial Hall, 1st Floor  )
       120 SW 10th Ave.    )
       Topeka KS, 66612-1594  )
                )
and               )
                )
TERRY VICK          )
d/b/a Vick's Automotive Refinishing and Repair )
Serve:  Terry Vick       )
       29240 W. 119th Street  )
       Olathe, KS  66061    )
       Fourty-Party Defendants.

### FOURTH-PARTY COMPLAINT

Pursuant to Fed. R. Civ. P. 14(a), Third-Party Defendant/Fourth-Party Plaintiff Snowmen

365, LLC, ("**Snowmen 365**") for its Fourth-Party Compliant against Wag-Co Construction, LLC,

("**Wag-Co**") and Terry Vick d/b/a Vick's Automotive Refinishing and Repair ("**Vick**") states and alleges as follows:

**PARTIES**

1.      Snowmen 365 is a limited liability company organized and existing under the laws of the State of Missouri, doing business in the State of Kansas, with a principal place of business located at 11940 Cartwright Ave, Grandview, MO 64030.

2.      Fourth-Party Defendant Wag-Co is a limited liability company organized and existing under the laws of the State of Missouri, with a principal place of business at 35210 E. Stringtown Road, Lone Jack, MO 64070, and at all times relevant herein was doing business in the state of Kansas.

3.      Wag-Co is a foreign entity transacting business in the State of Kansas that has failed to appoint or maintain a resident agent. Therefore, pursuant to K.S.A. 60-304(f), Wag-Co can be served with process through the Office of the Kansas Secretary of State at the following address: Memorial Hall, 1st Floor, 120 SW 10th Ave., Topeka KS, 66612-1594.

4.      Fourth-Party Defendant Vick does business under Vick's Automotive Finish and Repair and is an individual, resident, and citizen of the State of Kansas. Vick can be served with process at: 29240 W. 119th St., Olathe, Kansas 66061.

**JURISDICTION AND VENUE**

5.      In the initial Complaint, Plaintiff alleged complete diversity of citizenship and that the matter in controversy exceeded, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332.

6.      Pursuant to 28 U.S.C. § 1367, jurisdiction is proper in this Court. Plaintiff's claims against Defendant/Third-Party Plaintiff, Lenexa Real Estate Portfolio Partners, LLC. ("**Portfolio**

2

**Partners**") were asserted by Portfolio Partners against Snowmen 365 pursuant to Fed. R. Civ. P. 14. In turn, Snowmen 365 asserts pursuant to Fed. R. Civ. P. 14, that Fourth-Party Defendants Wag-Co and Vick are or may be liable to Snowmen 365 for the claims raised against Snowmen 365 by Portfolio Partners.   This Court has supplemental jurisdiction over Snowmen 365's claims asserted herein against Wag-Co and Vick as Snowmen 365's Fourth-Party claims arise from the same case or controversy as Plaintiff's claims against Portfolio Partners and Portfolio Partners' claims against Snowmen.

7.    Venue is proper in this Court because Plaintiff's alleged injury occurred in Johnson County, Kansas, which is located within the geographic region embraced by the United States District Court for the District of Kansas.

## FACTS

8.    On or about February 21, 2018, prior to Plaintiff's alleged fall, Plaintiff claims to have  allegedly slipped and fell on ice in the parking lot of property located at 16105 W. 113th St., Lenexa, Kansas ("**the Property**").

9.    On or about July 15, 2019, Plaintiff filed her First Amended Complaint against Portfolio Partners and Snowmen 365 for their alleged negligence with respect to the removal of ice in the parking lot of the Property. (Doc. 53).

10.    Plaintiff's claims against Snowmen 365 were dismissed for lack of jurisdiction on November 21, 2019. (Doc. 83).

11.    On January 10, 2020, Portfolio Partners filed its Third-Party Complaint against Snowmen 365 alleging that, *inter alia*, Plaintiff's injuries arose from Snowmen 365's performance of snow and ice removal services at the Property and that Snowmen 365 has breached its contract

with Portfolio Partners by refusing to defend and indemnify Portfolio Partners from Plaintiff's claims.

12.    On or about January 10, 2018, Portfolio Partners and Snowmen 365 entered into a building services contract for the performance of snow plowing and salting of the parking lots and driving areas of the Property. *See Building Services Contract* attached as **Ex. A**.

13.    In turn, Snowmen 365 entered into an Independent Contractors Agreement with Wag-Co on November 9, 2017, for the term of one year, for the performance of snow plowing and salting of the parking lots and driving areas of the Property. *See Independent Contractors Agreement* attached as **Ex. B**.

14.    Also in turn, Snowmen 365 entered into an Independent Contractors Agreement with Vick on October 17, 2017, for the term of one year, for the performance of snow plowing and salting of the parking lots and driving areas of the Property. *See Independent Contractors Agreement* attached as **Ex. C**.

15.    The Independent Contractors Agreements with Wag-Co and Vick were in full force and effect during the relevant time, including through February 21, 2018, the date of Plaintiff's alleged fall.

16.    On February 20, 2018 and February 21, 2018, both Wag-Co and Vick performed snow plowing and salting of the parking lot and driving areas of the Property.

## CONTRACTUAL INDEMNIFICATION/CONTRIBUTION
### (Against Vick)

17.    In her First Amended Complaint, Plaintiff alleges that Portfolio Partners was negligent in its maintenance of the Property with respect to its alleged failure to remediate or remove the accumulation of ice in the parking lot, which resulted in her alleged fall and resulting damages. (Doc. 53 ¶ 10).

18.     In its Third-Party Complaint against Snowmen 365, Portfolio Partners prays that if judgment is entered in favor of Plaintiff against Portfolio Partners, that Portfolio Partners should be awarded a judgment for the same amount against Snowmen 365, based on purported indemnity and hold harmless language in the parties' contract. (Doc. 91 p. 4).

19.     Snowmen 365 denies the allegations set forth in Plaintiff's First Amended Complaint, and Portfolio Partners' Third-Party Complaint, and further denies that Snowmen 365 is in any way responsible or liable for any injuries or damages Plaintiff alleges nor is its contractual terms triggered as alleged by Portfolio Partners.

20.     As part of the terms of Snowmen 365's Independent Contractor Agreement with Vick, Vick agreed to indemnify, hold harmless, and reimburse Snowmen 365 for the reasonable attorney fees due to injury or damage caused by or resulting from its performance of its duties under the Independent Contractor Agreement. This performance includes all claims of Plaintiff arising out of Vick's snow plowing and salting of the parking lot and driving areas of the Property.

21.     Plaintiff's and Portfolio Partners' claims allegedly arise from Snowmen 365's performance of snow plowing and salting services on the Property, and accordingly, Vick is subject to the terms and provisions of its contract, which includes the indemnity provisions.

22.     Snowmen 365 tendered defense and indemnity to Vick of this matter pursuant to the terms of the Independent Contractor Agreement on or about October 31, 2019.

23.     Vick failed to accept the tender and thereby breached the terms of his Independent Contractor Agreement with Snowmen 365, causing damage to Snowmen 365 including attorneys' fees and costs it has incurred to enforce its rights under the Independent Contractor Agreement.

24.     Vick shares liability to the extent its actions or inactions resulted in comparative fault that caused harm to Plaintiff and a breach of its duties (under contract and common law)

caused harm to Snowmen 365, therefore their actions require the indemnification of Snowmen 365.

25.    Accordingly, in the event that Plaintiff or Portfolio Partners are awarded a judgment against Snowmen 365, Snowmen 365 should have judgment over Vick.

### NEGLIGENCE
### (Against Wag-Co and Vick)

26.    Snowmen 365 incorporates by reference the previous paragraphs as if fully set forth in this Count.

27.    Fourth-Party Defendants Wag-Co and Vick, each as a snow and ice removal contractor, had a duty to Snowmen 365 to perform their work using a degree of skill and care that would be used by a reasonably competent contractor in providing similar services and acting in similar circumstances.

28.    Based on Plaintiff's First Amended Compliant, Fourth-Party Defendants Wag-Co and Vick each breached their duty when they failed to use a degree of skill and care that would be used by a reasonably competent contractor in snow plowing and salting of the parking lot and driving areas of the Property.

29.    As a direct and proximate cause of Fourth-Party Defendants Wag-Co and Vick's breach of their duties, Snowmen 365 has been damaged, as on or about July 15, 2019, Plaintiff brought a lawsuit against Portfolio Partners, who in turn, on or about January 10, 2020, brought a third-party claim against Snowmen 365 seeking recovery of alleged damages for Snowmen 365's negligent failure to clear the parking lot of the Property from ice and snow.

30.    Snowmen 365 denies the allegations set forth in Plaintiff's First Amended Complaint, and Portfolio Partners' Third-Party Complaint, and further denies that Snowmen 365

is in any way responsible or liable for any injuries or damages Plaintiff alleges nor is its contractual terms triggered as alleged by Portfolio Partners.

31.    To the extent that any damages alleged by Plaintiff or Portfolio Partners are the result of any of the Fourth-Party Defendants Wag-Co or Vick's failure to use reasonable skill and care to clear snow and ice from the parking lot of the Property, and in accordance with their Independent Contractors Agreements with Snowmen 365, then those damages, if any, were caused by Wag-Co and/or Vick and Wag-Co and/or Vick should bear proportionate responsibility for the damages caused by their respective negligent act or omission.

## BREACH OF CONTRACT
### (Against Wag-Co and Vick)

32.    Snowmen 365 incorporates by reference the previous paragraphs as if fully set forth in this Count.

33.    In connection with Snowmen 365's Building Services Contract with Portfolio Partners, Snowmen 365 entered into written Independent Subcontractors Agreements with Wag-Co and Vick to produce bare pavement, no slip conditions through snow plowing and salting of the parking lot and driving areas on the Property.

34.    Snowmen 365 performed all of its obligations pursuant to the terms of its Independent Subcontractors Agreements with Wag-Co and Vick.

35.    Based on Plaintiff's First Amended Compliant, Wag-Co and Vick failed to produce bare pavement, no slip conditions in substantial compliance with the requirements of their respective Independent Subcontractors Agreements, with Snowmen 365 on the Property.

36.    Snowmen 365 has been damaged by breaches of its Independent Subcontractors Agreements with Wag-Co and Vick, as on or about January 10, 2020, Portfolio Partners brought

a lawsuit against Snowmen seeking recovery of alleged damages for Snowmen's negligent failure to clear the parking lot of the Property from ice and snow.

37.    Snowmen 365 denies the allegations set forth in the Third-Party Complaint, and further denies that Snowmen 365 is in any way responsible or liable for any said defects or deficiencies in snow and ice removal from the Property on or around the date of Plaintiff's alleged fall.

38.    To the extent that any damages alleged by Plaintiff and Portfolio Partners are the result of any of Wag-Co and/or Vick's, failures to produce bare pavement, no slip conditions through snow plowing and salting of the parking lot and driving areas on the Property, Wag-Co and Vick should bear responsibility for the damages caused by their respective contract breaches.

**WHEREFORE** Snowmen 365 prays that in the event any judgment is rendered against it in this action, the Court enter a judgment in favor or Snowmen 365 against Fourth-Party Defendants Wag-Co and Vick for the same amount, or such other amount as the Court shall deem proper on the basis of Wag-Co and Vick's respective fault, if any, and including damages incurred by Snowmen for attorneys' fees, costs, expenses incurred and for such other and further relief that the Court deems just proper and equitable.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

*/s/ Bradley C. Nielsen*
BRADLEY C. NIELSEN       KS #22417
SUZANNE R. BRUSS          KS#22959
8900 Ward Parkway
Kansas City, MO  64114
(816) 421-7100 Phone
(816) 421-7915 Fax
bnielsen@fsmlawfirm.com
sbruss@fsmlawfirm.com
**ATTORNEYS FOR DEFENDANT SNOWMEN 365, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that an original copy of the above and foregoing was delivered by E-mail, this 10th day of February, 2020, to:

Melinda G. Young        #24309
Bretz & Young, LLC
3 Compound Drive
P.O. Box 1782
Hutchinson, KS   67504-1782
(620) 662-3435
(620) 662-3445 (fax)
Melinda@byinjurylaw.com
**ATTORNEY FOR PLAINTIFF**

Jacqueline M. Duvall,   #78799
Cory R. Buck             #25969
Case Linden, P.C.
2600 Grand Blvd., Suite 300
Kansas City, MO   64108
Jacqueline.duvall@caselinden.com
cory.buck@caselinden.com
(816) 979-1500
(816) 979-1501   (fax)
**ATTORNEYS FOR THIRD PARTY DEFENDANT LENEXA REAL ESTATE PORTFOLIO PARTNERS, LLC**


*/s/ Bradley C. Nielsen*_____
**ATTORNEYS FOR DEFENDANT SNOWMEN 365, LLC**