## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ALICE ACHEE-SHARP,

    Plaintiff,

v.

LENEXA REAL ESTATE PORTFOLIO
PARTNERS, LLC,

    Defendant/Third-Party
    Plaintiff,

v.

SNOWMEN 365, LLC,

    Third-Party Defendant/Fourth-
    Party Plaintiff,

v.

WAG-CO CONSTRUCTION, LLC AND
TERRY VICK d/b/a VICK'S
AUTOMOTIVE REFINISHING AND
REPAIR,

    Fourth-Party Defendants.

Case No. 2:19-cv-02100-KHV-TJJ

### FIRST AMENDED ANSWER OF LENEXA REAL ESTATE
### PORTFOLIO PARTNERS, LLC TO FIRST AMENDED COMPLAINT

Defendant/Third-Party Plaintiff Lenexa Real Estate Portfolio Partners, LLC, ("Lenexa

Real Estate") by undersigned counsel, provides this First Amended Answer to the First Amended

Complaint.  Unless otherwise expressly admitted herein, all allegations of the First Amended

Complaint are denied.

1.    In response to ¶ 1, Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

2.    In response to ¶ 2, Lenexa Real Estate admits the allegations.

3.    In response to ¶ 3, Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

4.    In response to ¶ 4, Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

5.    In response to ¶ 5, Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

6.    In response to ¶ 6, Lenexa Real Estate admits the allegations.

7.    In response to ¶ 7, Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

8.    In response to ¶ 8, Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

9.    In response to ¶ 9, Lenexa Real Estate admits the allegations.

10.     In response to ¶ 10, including all subparts, Lenexa Real Estate denies the allegations.

11.     In response to ¶ 11, Lenexa Real Estate denies the allegations.

12.     In response to ¶ 12, Lenexa Real Estate denies the allegations.

13.     In response to ¶ 13, Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

14.     In response to ¶ 14, Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

15.     In response to ¶ 15, Lenexa Real Estate denies the allegations.

16.     In response to ¶ 16, Lenexa Real Estate is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly they are denied.

17.     In response to ¶ 17, Lenexa Real Estate denies the allegations.

Wherefore, Defendant/Third-Party Plaintiff Lenexa Real Estate Portfolio Partners, LLC prays that the Court enter judgment in its favor and against Plaintiff, for its costs incurred in the action, and for such other relief to which Defendant/Third-Party Plaintiff Lenexa Real Estate Portfolio Partners, LLC shows itself entitled and which the Court deems reasonable, appropriate, and just.

**Affirmative Defenses**

18.    Lenexa Real Estate reserves the right to amend its Answer to add additional affirmative defenses that may arise during the course of this litigation.

19.    Plaintiff's injuries and damages, if any, were solely caused by Plaintiff's own negligence, intentional conduct, or express or implied assumption of risk which reduces or bars Plaintiff's recovery

20.    Lenexa Real Estate affirmatively states that if the Plaintiff sustained any damages, then the same were directly and proximately caused, in whole or in part, by negligence of and/or conduct of the Plaintiff so as to diminish and/or deny entirely any recovery by the Plaintiff against Lenexa Real Estate, and Lenexa Real Estate requests an allocation of same under a theory of comparative fault.

21.    The negligence of Plaintiff must be compared, considered and judged as the substantial and proximate cause of her injuries sustained, if any, and her recovery, if any, should be reduced in proportion to such fault.

22.    Plaintiff failed to keep a proper lookout and otherwise failed to exercise reasonable caution and these failures were the proximate cause of her injuries, if any.

23.    Plaintiff's claims are barred in whole or in part because the Plaintiff has failed to mitigate her damages.

24.     Lenexa Real Estate affirmatively state that if Plaintiff sustained any damages, then the same were directly and proximately caused, in whole or in part, by the negligence of and/or conduct of Snowmen 365, LLC so as to diminish and/or deny entirely any recovery by Plaintiff against Lenexa Real Estate, and Lenexa Real Estate requests an allocation of the same under a theory of comparative fault.

**COUNTERCLAIMS AGAINST FOURTH-PARTY
DEFENDANTS WAG-CO CONSTRUCTION, LLC AND TERRY
VICK d/b/a VICK'S AUTOMOTIVE REFINISHING AND REPAIR**

Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, ("Lenexa Real Estate") by and through undersigned counsel, and for its claims against Fourth-Party Defendants/Counterclaim Defendants Wag-Co Construction, LLC ("Wag-Co") and Terry Vick d/b/a Vick's Automotive Refinishing and Repair ("Terry Vick") states and alleges as follows:

**Parties, Jurisdiction, and Venue**

25.     Plaintiff Alice Achee-Sharp is an individual resident and citizen of the State of Missouri.

26.     Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC is a foreign limited liability company; each member of the company are residents and citizens of the State of Texas.

27.     Third-Party Defendant/Fourth-Party Plaintiff Snowmen 365, LLC ("Snowmen") is a Missouri limited liability company.  Upon information and belief, all members of the company are residents and citizens of the State of Missouri.

28.     Fourth-Party Defendant/Counterclaim Defendant Wag-Co Construction, LLC is a limited liability company organized and existing under the laws of the State of Missouri, with a principal place of business at 35210 E. Stringtown Road, Lone Jack, Missouri 64070, and at all times relevant herein was doing business in the State of Kansas.

29.     Fourth-Party Defendant/Counterclaim Defendant Terry Vick does business under Vick's Automotive Refinishing and Repair, and is an individual, resident, and citizen of the State of Kansas.

30.     In her Amended Complaint, Plaintiff alleges that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

31.     Lenexa Real Estate brings its counterclaims against Wag-Co and Terry Vick pursuant to Federal Rule of Civil Procedure 13(b).

32.     Venue is proper in the United States District Court for the District of Kansas as the events giving rise to this action occurred at 16105 W. 113th Street, Lenexa, Kansas ("the Property").

**Facts Common to All Counts**

33.     On or about February 21, 2018, Plaintiff Alice Achee-Sharp allegedly slipped and fell on ice in the parking lot of the Property.

34.     On or about February 21, 2019, Plaintiff Alice Achee-Sharp filed her Complaint herein against Lenexa Real Estate for its alleged negligence with respect to the removal of ice in the parking lot of the Property.

35.     On or about January 10, 2018, Lenexa Real Estate and Snowmen entered into a building services contract ("the Contract") for the performance of snow and ice removal services at the Property.

36.     On or about November 9, 2017, Snowmen and Wag-Co entered into an Independent Contractor's Agreement, for the term of one year, for the performance of snow and ice removal of the parking lots and driving areas of Snowmen's customers' properties, including the Property.

37.     On or about October 17, 2017, Snowmen and Terry Vick entered into an Independent Contractor's Agreement, for the term of one year, for the performance of snow and ice removal of the parking lots and driving areas of Snowmen's customers' properties, including the Property.

38.     The Contract and the Independent Contractor's Agreements were in full force and effect during the relevant time, up to and including February 21, 2018.

39.     On February 20, 2018, and February 21, 2018, Wag-Co and Terry Vick performed snow plowing and salting of the parking lot and driving areas of the Property.

### Count I – Indemnification against Wag-Co

40.     Under the terms of the Independent Contractor's Agreement, Wag-Co was obligated to "provide services and or oversight for Snowmen's accounts as directed by Snowmen,".  These services included snow clearing and de-icing services, with the express goal to provide bare pavement conditions on the sidewalks, drive aisles, and parking areas at Snowmen's customers' properties, including the Property.

41.     The Independent Contractor's Agreement requires Wag-Co to "hold harmless and reimburse Snowmen for any loss or damage Snowmen incurs by reason of the injury to person, damage to any property, fines or penalties caused or resulting in whole or in part by Contractor's maintenance, use or operation of the equipment or in the performance of any obligations or duties under this Agreement.  Reimbursement will include reasonable attorney fees incurred by Snowmen."

42.     Lenexa Real Estate has standing to enforce the contractual indemnification provision as it is a third-party beneficiary of the Independent Contractor's Agreement and the terms of the agreement clearly and directly express an intent to benefit Snowmen's customer, Lenexa Real Estate.

43.     In her Amended Complaint, Plaintiff alleges Lenexa Real Estate was negligent in its maintenance of the Property with respect to its alleged failure to remediate or remove the accumulation of ice in the parking lot, which resulted in her alleged fall and resulting damages.

44.     Plaintiff's claims for personal injury were caused or resulted from, in whole or in part, Wag-Co's performance of its duties or obligations under the Independent Contractor's Agreement.

45.     Lenexa Real Estate has denied the allegations in Plaintiff's Amended Complaint and has set forth affirmative defenses to those claims.

46.     If Lenexa Real Estate is required to satisfy any judgment arising out of Plaintiff's Amended Complaint, the damages asserted by Plaintiff are a result of the acts or omissions of Wag-Co in the performance of its services at the Property.

Wherefore, in the event that a judgment is entered in favor of Plaintiff Alice Achee-Sharp against Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, prays that it may have judgment over and against Fourth-Party Defendant/Counterclaim Defendant Wag-Co Construction, LLC for the same amount, or such other amount as the Court shall adjudge on the basis of the relative responsibility, if any, of the Defendants and for the injuries, if any, of Plaintiff, together with costs and attorneys' fees; and for such other relief that Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, may show itself entitled and which the Court deems reasonable, appropriate, and just.

**Count II – Contribution against Wag-Co**

47.     The injuries and damages claimed by Plaintiff, if any, were caused in whole or in part by the negligent acts or omissions of Fourth-Party Defendant Wag-Co as described above, thereby entitling Lenexa Real Estate to contribution from Wag-Co.

48.     Lenexa Real Estate denies Plaintiff's claims with respect to liability and damages in connection with her February 21, 2018, fall at the Property and states the injuries and damages claimed by Plaintiff, if any, were caused in whole or in part by the negligent acts or omissions of Wag-Co.  Lenexa Real Estate is therefore entitled to contribution from Wag-Co for any and all amounts Lenexa Real Estate may be required to pay Plaintiff as a result of the negligence of Wag-Co as detailed above.

Wherefore, Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, requests that if it is determined that Lenexa Real Estate Portfolio Partners, LLC is liable to Plaintiff, which Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, specifically denies, then Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, prays for judgment in its favor and against Fourth-Party Defendant/Counterclaim Defendant Wag-Co Construction, LLC, to the extent that it is liable for any such damages, for its costs and expenses incurred herein; and for such other relief that Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, may show itself entitled and which the Court deems reasonable, appropriate, and just.

10

**Count III - Breach of Contract against Wag-Co**

49.     On or about April 13, 2020, Lenexa Real Estate sent a certified letter to Wag-Co requesting Wag-Co to accept tender of the defense of this matter as per the terms of the Independent Contractor's Agreement.

50.     Wag-Co has refused to defend Lenexa Real Estate in this case and in so doing has breached the terms of the Independent Contractor's Agreement.

51.     Wag-Co failed to produce bare pavement and no slip conditions in substantial compliance with the requirements of its Independent Contractor's Agreement.

52.     As a result of Wag-Co's breach of the Independent Contractor's Agreement, Lenexa Real Estate has been damaged, including the attorneys' fees and costs it has incurred to enforce its rights under the Independent Contractor's Agreement.

Wherefore, Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, prays that the Court enter judgment in its favor and against Fourth-Party Defendant/Counterclaim Defendant Wag-Co Construction, LLC, for its attorneys' fees and costs incurred in the action, and for such other relief to which Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, may show itself entitled and which the Court deems reasonable, appropriate, and just.

**Count IV – Indemnification against Terry Vick**

53.     Under the terms of its Independent Contractor's Agreement, Terry Vick was obligated to "provide services and or oversight for Snowmen's accounts as directed by Snowmen,".  These services included snow clearing and de-icing services, with the express goal to provide bare pavement conditions on the sidewalks, drive aisles, and parking areas at Snowmen's customers' properties, including the Property.

54.     The Independent Contractor's Agreement requires Terry Vick to "hold harmless and reimburse Snowmen for any loss or damage Snowmen incurs by reason of the injury to person, damage to any property, fines or penalties caused or resulting in whole or in part by Contractor's maintenance, use or operation of the equipment or in the performance of any obligations or duties under this Agreement.  Reimbursement will include reasonable attorney fees incurred by Snowmen."

55.     Lenexa Real Estate has standing to enforce the contractual indemnification provision as it is a third-party beneficiary of the Independent Contractor's Agreement and the terms of the agreement clearly and directly express an intent to benefit Snowmen's customer, Lenexa Real Estate.

56.     In her Amended Complaint, Plaintiff alleges Lenexa Real Estate was negligent in its maintenance of the Property with respect to its alleged failure to remediate or remove the accumulation of ice in the parking lot, which resulted in her alleged fall and resulting damages.

57. Plaintiff's claims for personal injury were caused or resulted from, in whole or in part, Terry Vick's performance of its duties or obligations under the Independent Contractor's Agreement.

58. Lenexa Real Estate has denied the allegations in Plaintiff's Amended Complaint and has set forth affirmative defenses to those claims.

59. If Lenexa Real Estate is required to satisfy any judgment arising out of Plaintiff's Amended Complaint, the damages asserted by Plaintiff are a result of the acts or omissions of Terry Vick in the performance of its services at the Property.

Wherefore, in the event that a judgment is entered in favor of Plaintiff Alice Achee-Sharp against Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, prays that it may have judgment over and against Fourth-Party Defendant/Counterclaim Defendant Terry Vick d/b/a Vick's Automotive Refinishing and Repair for the same amount, or such other amount as the Court shall adjudge on the basis of the relative responsibility, if any, of the Defendants and for the injuries, if any, of Plaintiff, together with costs and attorneys' fees; and for such other relief that Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, may show itself entitled and which the Court deems reasonable, appropriate, and just.

## Count V – Contribution against Terry Vick

60.     The injuries and damages claimed by Plaintiff, if any, were caused in whole or in part by the negligent acts or omissions of Terry Vick as described above, there by entitling Lenexa Real Estate to contribution from Terry Vick.

61.     Lenexa Real Estate denies Plaintiff's claims with respect to liability and damages in connection with her February 21, 2018, fall at the Property and states the injuries and damages claimed by Plaintiffs, if any, were caused in whole or in part by the negligent acts or omissions of Terry Vick.  Lenexa Real Estate is therefore entitled to contribution from Terry Vick for any and all amounts the Lenexa Real Estate may be required to pay Plaintiff as a result of the negligence of Terry Vick as detailed above.

Wherefore, Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, requests that if it is determined that it is liable to Plaintiff, which Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, specifically denies, then it prays for judgment in its favor and against Fourth-Party Defendant/Counterclaim Terry Vick d/b/a Vick's Automotive Refinishing and Repair to the extent that it is liable for any such damages, for its costs and expenses incurred herein; and for such other relief that Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, may show itself entitled and which the Court deems reasonable, appropriate, and just.

14

**Count VI - Breach of Contract against Terry Vick**

62.     On or about April 13, 2020, Lenexa Real Estate sent a certified letter to Terry Vick requesting Terry Vick to accept tender of the defense of this matter as per the terms of the Independent Contractor's Agreement.

63.     Terry Vick has refused to defend Lenexa Real Estate in this case and in so doing has breached the terms of the Independent Contractor's Agreement.

64.     Terry Vick failed to produce bare pavement, no slip conditions in substantial compliance with the requirements of his Independent Contractor's Agreement.

65.     As a result of Terry Vick's breach of the Independent Contractor's Agreement, Lenexa Real Estate has been damaged, including the attorneys' fees and costs it has incurred to enforce its rights under the Independent Contractor's Agreement.

Wherefore, Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, prays that the Court enter judgment in its favor and against Fourth-Party Defendant/Counterclaim Defendant Terry Vick d/b/a Vick's Automotive Refinishing and Repair, for its attorneys' fees and costs incurred in the action, and for such other relief to which Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners, LLC, may show itself entitled and which the Court deems reasonable, appropriate, and just.

15

**Jury Trial Demand**

Defendant/Third-Party Plaintiff/Counterclaimant Lenexa Real Estate Portfolio Partners,

LLC demands a trial by jury.

Respectfully submitted,

**Case Linden P.C.**

s/Jacqueline M. Duvall
Cory R. Buck, KS 25969
Jacqueline M. Duvall, USDC KS 78799
2600 Grand Boulevard, Suite 300
Kansas City, MO  64108
Tel:  (816) 979-1500
Fax:  (816) 979-1501
cory.buck@caselinden.com
jacqueline.duvall@caselinden.com
Attorneys for Defendant/Third-Party
Plaintiff/Counterclaimant Lenexa Real Estate
Portfolio Partners, LLC

**Certificate of Service**

I hereby certify that on May 18, 2020, a true and correct copy of the above and foregoing was served by electronic filing with the Clerk of the Court in the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

Melinda G. Young
Bretz & Young, L.L.C.
3 Compound Drive
P.O. Box 1782
Hutchinson, KS  67504-1782
Attorney for Plaintiff

Bradley C. Nielsen
Suzanne R. Bruss
Franke Schultz & Mullen, P.C.
8900 Ward Parkway
Kansas City, MO  64114
Attorneys for Third-Party Defendant Snowmen 365, LLC

16

Todd C. Barrett
McCausland Barrett & Bartalos P.C.
9233 Ward Parkway, Suite 270
Kansas City, MO 64114
Attorney for Fourth-Party Defendant/Counterclaim Defendant Terry Vick d/b/a Vick's
Automotive Refinishing and Repair

Jeffrey C. Baker
Christopher Staley
Sanders Warren Russell & Scheer LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, KS  66210
Attorneys for Fourth-Party Defendant/Counterclaim Defendant Wag-Co Construction, LLC

<u>s/Jacqueline Duvall</u>
Jacqueline Duvall