IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALICE ACHEE-SHARP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 19-cv-2100-KHV-TJJ |
| | ) |
| LENEXA REAL ESTATE PORTFOLIO | ) |
| PARTNERS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the court is the Combined Motion and Memorandum to Quash Subpoena of Unemployment Records and Request for Protective Order (ECF No. 184) filed by non-party State of Kansas, Department of Labor ("KDOL"). As discussed below, KDOL's motion is granted in part and denied in part.

On or about August 3, 2020, Defendant Lenexa Real Estate Portfolio Partners, LLC ("Lenexa Real Estate") served a subpoena upon KDOL, the state agency that administers the Kansas Employment Security Law.[1] The subpoena commanded KDOL to produce:

> a copy of any and all unemployment records, including applications for benefits, correspondence with claimant and/or her employer, documents requested and/or received for adjudication, and confidential filings for [Plaintiff] Achee-Sharp . . . from October 2018 to present date.

On August 11, 2020, KDOL filed a motion to quash the subpoena and for a protective order pursuant to Fed. R. Civ. P. 26(b)(5)(c) prohibiting discovery and production of any unemployment records maintained by KDOL, contending that all the subpoenaed records are privileged under K.S.A. 44-714(e). Defendant Lenexa Real Estate filed its response opposing the

---

[1] K.S.A. 44-703 *et seq.*

motion, arguing that K.S.A. 44-714(e) creates only a narrow privilege for transcripts made at unemployment benefits hearings. It claims the subpoenaed records are relevant to Plaintiff's claims, including her lost wage claims, and its defenses because the records discuss the termination of Plaintiff's employment and the surrounding circumstances. It requests the court modify the subpoena to exclude unemployment benefit hearing transcripts, which it agrees are privileged, and compel KDOL to produce the other non-privileged subpoenaed unemployment records subject to the provisions of the protective order already entered in the case.

Federal Rule of Evidence 501 governs whether federal or state law applies in determining whether a privilege applies. It provides, in pertinent part, that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."[2] In contrast, in a federal question case, the court must apply federal common law, rather than state law, regarding evidentiary privileges.[3]

In this case, Plaintiff asserts negligence claims against Defendant Lenexa Real Estate for personal injuries allegedly sustained when she slipped and fell on ice in its parking lot. As Plaintiff's negligence claims are based upon state law, the Court applies Kansas law to determine whether any privilege exists as to Plaintiff's subpoenaed unemployment records requested from KDOL.

KDOL, as the party objecting to a subpoena on the basis of privilege, bears the burden of establishing that the claimed privilege applies.[4] It contends that K.S.A. 44-714(e) sets forth a

---

[2] Fed. R. Evid. 501.

[3] *Gallardo v. Bd. of Cty. Comm'rs*, 881 F. Supp. 525, 529 (D. Kan.), order corrected sub nom. *Gallardo v. Bd. of Cty. Comm'rs, Kearny Cty., Kan.*, 885 F. Supp. 236 (D. Kan. 1995).

[4] *reFX Audio Software, Inc v. Does 1-133*, No. 13-2148-KHV, 2013 WL 6092518, at *2 (D. Kan. Nov. 19, 2013) (citing *Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 WL 1558210, at *8 (D. Kan. July 8, 2002)).

statutory privilege applicable to all the unemployment records sought by the subpoena. It argues that all information obtained in the administration of, and any transcripts taken of any unemployment insurance hearings held pursuant to, the Employment Security Law, is required to be held confidential pursuant to K.S.A. 44-714(e) and is not discoverable or admissible in the present action.

The court agrees that K.S.A. 44-714(e) governs any claim of privilege as to the unemployment records subpoenaed from KDOL at issue here. K.S.A. 44-714(e) states in pertinent part:

> *(e) Records and reports*. Each employing unit shall keep true and accurate work records, containing such information as the secretary may prescribe. Such records shall be open to inspection and subject to being copied by the secretary or the secretary's authorized representatives at any reasonable time . . . The secretary may require from any employing unit any sworn or unsworn reports, with respect to persons employed by it, which the secretary deems necessary for the effective administration of this act. **Information thus obtained or obtained from any individual pursuant to the administration of this act shall be held confidential,** except to the extent necessary for the proper presentation of a claim by an employer or employee under the employment security law, **and shall not be published or be open to public inspection**, other than to public officials or the agents or contractors of a public official in the performance of their official duties, **in any manner revealing the individual's or employing unit's identity**. The secretary may publish or otherwise disclose appeals records and decisions, and precedential determinations on coverage of employers, employment and wages, provided all social security numbers have been removed. Any claimant or employing unit or their representatives at a hearing before an appeal tribunal or the secretary shall be supplied with information from such records to the extent necessary for the proper presentation of the claim. **The transcript made at any such benefits hearing shall not be discoverable or admissible in evidence in any other proceeding, hearing or determination of any kind or nature**. . . .[5]

K.S.A. 44-714(e) sets out separate provisions for information obtained pursuant to the administration of the Kansas Employment Security Law, which "shall be held confidential," and

---

[5] K.S.A. 44-714(e) (emphasis added). The 2013 amendments to K.S.A. 44-714 removed a subsection so that subsection (f) became subsection (e). 2013 Kansas Laws Ch. 106 (H.B. 2105).

3

the "transcript made at any such [unemployment] benefits hearing," which "shall not be discoverable or admissible in evidence in any other proceeding, hearing or determination." A statutory requirement for confidentiality of certain information is quite different from a statutory prohibition that certain documents or information are not discoverable or admissible in evidence in any other proceeding. Recognizing this difference, the federal cases from the District of Kansas have applied the state law privilege created by K.S.A. § 44-714(e) solely to transcripts from unemployment benefits hearings.[6] In one case, *Peterbilt of Great Bend, LLC v. Doonan*,[7] Magistrate Judge Humphreys addressed an argument similar to the one KDOL asserts here, that all KDOL records are privileged under K.S.A. 44-714(e). KDOL had filed a motion to quash a subpoena duces tecum that requested "[a]ll applications for unemployment insurance." In denying the motion to quash, the court stated it was not persuaded by KDOL's contention that *all* KDOL records were privileged, finding the privilege set forth in K.S.A. 44-714 was not as comprehensive as suggested by KDOL.[8]

KDOL cites to the 1989 Kansas Court of Appeals case, *Batt v. Globe Engineering Co.*,[9] in support of its argument that the privilege created by K.S.A. 44-714(e) is not limited to hearing

---

[6] *See In re Harris ex rel. Moege v. Alterra Healthcare Corp.*, No. 09-1012-JTM, 2010 WL 5067410, at *1 (D. Kan. Dec. 7, 2010) (granting KDOL's motion to quash a records subpoena issued by plaintiff for <u>transcripts</u> of an unemployment compensation hearing); *Talkin v. Deluxe Corp.*, No. 05-2305-CM, 2006 WL 8440863, at *1 (D. Kan. May 9, 2006) (recognizing that "K.S.A. 44-714 provides that the <u>transcript</u> from an unemployment benefits hearing is not discoverable or admissible."); *Gallardo*, 881 F. Supp. at 529 ("This statute provides that the <u>transcript of unemployment insurance proceedings</u> shall be confidential and shall not be discoverable or admissible evidence.") (underlining added).

[7] No. 05-1281-JTM, 2006 WL 8440747, at *1 (D. Kan. Jan. 30, 2006).

[8] The court notes that footnote 5 of the *Peterbilt* Memorandum and Order states the ruling denying KDOL's motion to quash "shall not be cited as precedent in any future disputes concerning the application of K.S.A. 44-714(f)." The *Peterbilt* decision is being cited to show that KDOL has made a similar argument that has been previously rejected, but the court is not relying upon the decision as precedent in making its ruling herein.

[9] 13 Kan. App. 2d 500, 503, 774 P.2d 371, 374 (1989).

4

transcripts but applies to *all* information obtained pursuant to the administration of the Employment Security Law. However, in the *Batt* case, the court addressed the admissibility of an unemployment benefits hearing transcript pursuant to K.S.A. 44-714(e) but did not discuss or apply the privilege beyond the hearing transcript. Although the *Batt* court cited the 1974 Kansas Supreme Court case, *Clear Water Truck Co., Inc. v. M. Bruenger & Co., Inc.*,[10] wherein the court held that statements made in quasi-judicial administrative proceedings are absolutely privileged, the *Clear Water* case involved publication of allegedly libelous statements in a proceeding before the Interstate Commerce Commission where the defense of absolute privilege had been asserted. *Clear Water* does not support KDOL's argument in the context here.

KDOL also cites in its reply to a 1998 Kansas Court of Appeals case, *Farmers Co-op. Elevator & Mercantile Ass'n v. Kansas Employment Security Board of Review.*[11] That case discussed the legislative history of the statutory amendment of K.S.A. 44-714 making hearing transcripts confidential. However, that case involved an appeal from the district court's ruling allowing the plaintiff a copy of the transcript of the benefits hearing over an objection based upon K.S.A. 1997 Supp. 44-714(f). It is unclear how the appellate court's decision, which affirmed the district court's order allowing the plaintiff a copy of the hearing transcript, supports KDOL's argument that *all* unemployment records are privileged under K.S.A. 44-714(e).

Under the plain language of K.S.A. 44-714(e), only unemployment benefits hearing transcripts are listed as "not discoverable or admissible in evidence in any other proceedings." If the Kansas legislature had intended for all information obtained pursuant to the administration of the Kansas Employment Security Law to not be discoverable or admissible, it could have

---

[10] 214 Kan. 139, 141–43, 519 P.2d 682 (1974).

[11] 25 Kan. App. 2d 567, 580, 966 P.2d 699, 708 (1998).

amended the statute to reflect this intent. KDOL has not met its burden to show the privilege set forth in K.S.A. 44-714(e) applies to any unemployment records other than benefits hearing transcripts.

**IT IS THEREFORE ORDERED BY THE COURT** that the Combined Motion and Memorandum to Quash Subpoena of Unemployment Records and Request for Protective Order filed by non-party State of Kansas, Department of Labor (ECF No. 184) is **granted in part and denied in part**. The August 3, 2020 subpoena served upon KDOL is hereby quashed only to the extent it requests production of Plaintiff's unemployment benefits hearing transcripts, as prohibited by K.S.A. 44-714(e).  KDOL is ordered to produce all other unemployment records requested by the subpoena, and the parties shall be subject to the provisions of the protective order already entered in the case. Such production shall take place **within thirty (30) days from the date of this Order**.  If the existing protective order filed in this case does not adequately protect the documents to be produced by KDOL, the parties and KDOL shall submit a proposed supplemental protective order to the court prior to production.

**IT IS SO ORDERED.**

Dated September 25, 2020, at Kansas City, Kansas.

*[signature]*

Teresa J. James
U. S. Magistrate Judge