**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ALICE ACHEE-SHARP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 19-2100-KHV** |
| | ) | |
| **LENEXA REAL ESTATE PORTFOLIO** | ) | |
| **PARTNERS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |
| | ) | |
| **LENEXA REAL ESTATE PORTFOLIO** | ) | |
| **PARTNERS, LLC,** | ) | |
| | ) | |
| **Third-Party Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **SNOWMEN 365, LLC,** | ) | |
| | ) | |
| **Third-Party Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Alice Achee-Sharp filed suit against Lenexa Real Estate Portfolio Partners, LLC ("Lenexa Real Estate") for personal injuries she sustained when she slipped and fell on ice in its parking lot. This matter is before the Court on Defendant/Third-Party Plaintiff Lenexa Real Estate Portfolio Partners, LLC's Motion For Summary Judgment On Plaintiff's First Amended Complaint (Doc. #218) filed September 30, 2020. For reasons stated below, the Court overrules defendant's motion.

**Summary Judgment Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Hill v. Allstate Ins. Co., 479 F.3d 735, 740 (10th Cir. 2007).  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."  Liberty Lobby, 477 U.S. at 248.  A "genuine" factual dispute requires more than a mere scintilla of evidence in support of a party's position.  Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Nahno-Lopez v. Houser, 62 5 F.3d 1279, 1283 (10th Cir. 2010).  Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which the nonmoving party carries the burden of proof.  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  To carry this burden, the nonmoving party may not rest on the pleadings but must instead set forth specific facts supported by competent evidence.  Nahno-Lopez, 625 F.3d at 1283.

In applying these standards, the Court views the factual record in the light most favorable to the party opposing the motion for summary judgment.  Dewitt v. Sw. Bell Tel. Co., 845 F.3d 1299, 1306 (10th Cir. 2018).  The Court may grant summary judgment if the nonmoving party's evidence is merely colorable or not significantly probative.  Liberty Lobby, 477 U.S. at 250–51. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251–52.

**Factual Background**

The following material facts are uncontroverted, deemed admitted or, where controverted,

viewed in the light most favorable to plaintiff, the non-movant.

Plaintiff worked at Grantham University, which leased a portion of the building at 16025–16105 W. 113th Street, Lenexa, Kansas, referred to as Ecoworks I & II (Ecoworks). Lenexa Real Estate owned Ecoworks including the buildings and parking lots. Lenexa Real Estate contracted with Hines Interests Limited Partnership ("Hines") to provide day-to-day management and operation of Ecoworks and various other properties. Lenexa Real Estate contracted with Snowmen 365, LLC to provide snow and ice removal services on all of the drives, parking lots and walks at Ecoworks.

On July 27, 2017, following a rainstorm earlier that day, Karen Grantham, Senior Human Resources Manager at Grantham University, slipped and fell in the northeast area of the parking lot at Ecoworks when she tried to avoid a large puddle in an area that always looked wet. In the accident report, Grantham described slipping on "moss or slime." After Grantham fell but before February 21, 2018, she informed Martin Whipple, the Hines property manager at Ecoworks, that the parking lot outside Graham University had potholes, cracks and a "water algae" substance on the surface. Lenexa Real Estate believed that the water and slick algae caused Grantham's fall.

On September 12, 2017, Grantham notified Whipple that another employee (Tabitha Davis) had slipped and fallen in the parking lot that day. The record does not reflect the precise location of the fall or the weather conditions that day.

In December of 2017 and January of 2018, Hammons Asphalt Paving, Inc. replaced some 65 feet of curbing at Ecoworks and skim patched the surface of the parking lot on two different occasions.

On February 19, 2018, between 8:00 a.m. and 12:30 p.m., the temperatures in the Lenexa area dropped from 60 degrees to 30 degrees with a band of light showers. From 12:30 p.m. to

10:40 p.m., periods of drizzle and scattered rain showers were in the area with temperatures around 30 to 32 degrees.  The pavement temperatures in the area remained above freezing so pavement surfaces were wet, but not frozen.

On February 20, from 2:20 a.m. to 6:20 a.m., scattered light freezing rain crossed the area with temperatures remaining at 30 to 32 degrees.  From 6:20 a.m. to 10:15 a.m., moderate to heavy freezing rain and sleet crossed the area with temperatures ranging from 28 to 32 degrees with surfaces ranging from slushy to icy.

On February 20, at 5:50 a.m., Ed Wagner, a representative of Snowmen 365, salted the parking lot at Ecoworks.  At 7:04 a.m., Snowmen 365 advised Whipple that it had already started salting and deicing services, and it would continue to monitor conditions and respond accordingly. Snowmen 365 further advised that if areas were icy at a property, Hines should notify Snowmen 365 so that it could send a crew to respond.  At 8:26 a.m., Wendy Enslow, the Tenant Coordinator for Hines, advised Snowmen 365 that she had received reports that the parking lot was becoming slick.  At 8:40 a.m., Wagner salted the parking lot.

On February 20, from 10:15 a.m. to 3:00 p.m., freezing rain and sleet continued.  After the precipitation stopped, temperatures dropped to 22 to 24 degrees.  Snowmen 365 reported that all moisture and sleet instantly froze and bonded to paved surfaces.  Even so, the temperature was not below the temperature rating of the deicer's capability to melt and remove ice on the parking lot.

On February 20, at 3:30 p.m., Wagner again salted the parking lot.  Beginning at 10:30 p.m. and continuing until 1:00 a.m. on February 21, a representative of Snowmen 365 pushed snow and ice to designated areas of the parking lot.  During this time, Wagner also plowed the lot.  On February 21, at 12:20 a.m., Wagner once again salted the parking lot.

On February 21, around 8:08 a.m., plaintiff arrived at Ecoworks.  There, she saw slushy,

"dirty muck" that she assumed was water in a portion of the parking lot.  Alice Achee-Sharp Deposition (Doc. #230-4) at 22.  While walking through the area, her feet hit what she assumed was ice underneath the standing water and she fell, landing on her hands and knees with her left knee landing in a pothole.  See id. at 22–23 (in area of potholes, I slipped apparently on "ice underneath" standing "slushy water").  Plaintiff fell in the same area of the parking lot where Grantham had fallen in July of 2017.

Plaintiff reported her fall to Grantham, who notified Whipple.  Whipple and Meredith Katopodis, a Hines senior loss analyst, gathered information about plaintiff's fall.  Katopodis testified that the cause of plaintiff's fall was "ice or snow." Meredith Katopodis Deposition (#230-2) at 43.  In an e-mail on June 8, 2018 to Katopodis, Whipple stated that because weather reports indicated that the area had no precipitation on February 21, 2018, with temperatures of about 20 degrees, and plaintiff reported that she had slipped on ice, he inferred that plaintiff had fallen in the area in the parking lot with a natural spring that trickled water along the curb—the same place where Grantham had slipped and fallen on July 27, 2017.  See Email From Whipple To Katopodis Dated June 8, 2018 (Doc. #230-15) at 1.  Whipple noted that to remedy the situation with the natural spring causing a wet area on the parking lot surface, his contractor was installing (and had nearly finished) a drain that would direct water under the pavement rather than on the surface.  See id.

Plaintiff asserts a single claim of negligence against Lenexa Real Estate.  Plaintiff alleges that Lenexa Real Estate (1) knew that part of the parking lot had cracks, potholes and a wet, slimy slick surface and that a natural spring contributed to this condition and (2) negligently failed to remedy the condition and failed to remove or otherwise protect against ice on the parking lot. Lenexa Real Estate has asserted a third-party claim for indemnification against Snowmen 365.

**Analysis**

Lenexa Real Estate seeks summary judgment on plaintiff's negligence claim.  To recover under a negligence theory, plaintiff must establish the following elements: (1) defendant had a duty of care, (2) it breached that duty, (3) plaintiff sustained injury and (4) a causal connection exists between the duty breached and the injury suffered.  Elstun v. Spangles, Inc., 289 Kan. 754, 757, 217 P.3d 450, 453 (2009).  Because plaintiff's claim arises from physical defects in or activities conducted on defendant's property, the Court applies principles of premises liability. See South v. McCarter, 280 Kan. 85, 100, 119 P.3d 1, 11 (2005).

As a property owner, defendant has a duty of reasonable care under all the circumstances to invitees and licensees.  Jones v. Hansen, 254 Kan. 499, 509, 867 P.2d 303, 310 (1994); see South, 280 Kan. at 100, 119 P.3d at 11 (2005) (defendant may be liable to invitees for physical harm caused by failure to carry on activities with reasonable care for their safety) (citing Restatement (Second) of Torts § 341A (1964)).  To establish that defendant breached its duty of care, plaintiff must show that defendant knew or should have known of the dangerous condition and did not act reasonably to correct the condition.  See Brock v. Richmond-Berea Cemetery Dist., 264 Kan. 613, 620, 957 P.2d 505, 511 (1998) (plaintiff must show defendant had actual knowledge of condition or condition had existed for such time that defendant exercising ordinary care should have known about it); see also Burch v. Univ. of Kansas, 243 Kan. 238, 244, 756 P.2d 431, 435 (1988) (plaintiff must show defendant had actual or constructive knowledge of defect causing injury).  The question whether defendant has breached a duty ordinarily is a question of fact for the jury.  See Williams v. C-U-Out Bail Bonds, LLC, 310 Kan. 775, 450 P.3d 330, 340 (2019).

Defendant argues that it is entitled to summary judgment because plaintiff has not shown

that it knew or should have known about the presence of ice or potholes in the parking lot. Defendant notes that (1) some six weeks before plaintiff fell, a contractor skim patched the potholes in the parking lot and (2) Snowmen 365 representatives plowed and salted the parking lot the day and evening before plaintiff fell.

Plaintiff has presented sufficient evidence to create a genuine issue of material fact whether despite defendant's efforts, it breached its duty of care. Plaintiff testified that she slipped on what she assumed was ice. Katopodis, a Hines senior loss analyst, testified that the cause of plaintiff's fall was "ice or snow." Meredith Katopodis Deposition (#230-2) at 43. After plaintiff fell, the property manager inferred that plaintiff had fallen in the area in the parking lot with a natural spring that trickles water along the curb, the same place where Grantham had slipped and fallen on July 27, 2017. See Email From Whipple To Katopodis Dated June 8, 2018 (Doc. #230-15) at 1. While ice did not contribute to Grantham's fall, defendant understood that water from the natural spring and the slick algae did so.

Defendant argues that the natural spring could not have contributed to the ice on the parking lot because the temperature was well below freezing on the day that plaintiff fell. Two days before plaintiff fell, however, the temperature was 60 degrees. Defendant has offered no evidence to explain the physical characteristics of the natural spring or why moisture or ice from the spring did not accumulate in and around the potholes in the northeast area of the parking lot. As noted above, the property manager noted that before a drain was installed in June of 2018, the natural spring generally caused water to flow on the parking lot surface, which was the in same area where plaintiff fell. Based on the present record, a reasonable jury could find that (1) ice accumulated in the area above the natural spring and (2) ice remained in this area despite the contractor's efforts to treat it. In addition, although plaintiff testified that she assumed that she had slipped on ice, her

testimony also permits the reasonable inference that to the extent that the ice had melted from treatment and did not refreeze, she slipped on the algae growth and moist pavement in the same area as Grantham did seven months earlier.  See Alice Achee-Sharp Deposition (Doc. #230-4) at 22–23 (in area of potholes, I assume I slipped on "ice underneath" standing "slushy water").  In sum, plaintiff has raised a genuine issue of material fact whether defendant acted reasonably in light of the icy weather conditions and the known conditions (algae growth and moisture) created from the natural spring below the parking lot.  The Court therefore overrules defendant's motion for summary judgment.

**IT IS THEREFORE ORDERED** that Defendant/Third-Party Plaintiff Lenexa Real Estate Portfolio Partners, LLC's Motion For Summary Judgment On Plaintiff's First Amended Complaint (Doc. #218) filed September 30, 2020 is **OVERRULED.**

Dated this 14th day of January, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-8-